UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAYRA MURALLES-OSORIO,

Plaintiff,

v.

TOWN OF RIVERHEAD, and POLICE
OFFICERS A. GRONEMAN and J.
TREADWELL,

Defendants.

**MEMORANDUM AND ORDER**
2:21-CV-3546 (LDH) (ST)

LaSHANN DeARCY HALL, United States District Judge:

Maya Muralles-Osorio ("Plaintiff") brings this action against Town of Riverhead

("Riverhead"), A. Groneman, and J. Treadwell from the Riverhead Police Department

("Individual Defendants," and together with Riverhead, "Defendants") pursuant to 42 U.S.C.

§ 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), alleging excessive

force, failure to intervene, failure to supervise, failure to provide adequate training, and failure to

provide adequate screening, hiring, and retention.  Defendants move pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## BACKGROUND[1]

On June 24, 2019, Plaintiff was "summoned" to a location in Riverhead, New York

because her son, Guillermo Vargas, was in a dispute with a group of men from Moonlight Taxi.

(Am. Compl. ¶ 20, ECF No. 18.)  Individual Defendants, officers for the Riverhead Police

Department, arrived at the location and arrested Plaintiff's son.  (*Id.* ¶ 21.)  While the arrest was

being effectuated, Plaintiff attempted to advise Individual Defendants that her son had a mental

---

[1] The following facts taken from the amended complaint (ECF No. 18) are assumed to be true for the purpose of this memorandum and order.

illness and that the amount of force they were using was unnecessary.  (*Id.* ¶ 22.)  In response, Individual Defendants grabbed Plaintiff's hand and arm, twisted them, and pushed her down to the ground.  (*Id.* ¶ 26).  Plaintiff suffered fractures to her sacrum and to her left third and fourth metatarsal bones, as well as injury to her right knee, and abdominal pain.  (*Id.* ¶ 26.)  Although Treadwell witnessed Groneman's use of force, he did nothing to stop Groneman.  (*Id.* ¶ 27.) Plaintiff is five feet and one inch tall and weighs 192 pounds.  (*Id.* ¶ 25.)  She did not touch Individual Defendants, threaten to touch them, or pose any danger to them, prior to their use of force on her.  (*Id.*)  Plaintiff did not interfere with the arrest of her son, commit a crime, and was not suspected of committing a crime.  (*Id.* ¶¶ 23, 24.)  And, Plaintiff was not arrested or threatened with arrest.  (*Id.* ¶ 24.)  Plaintiff alleges that Defendants' conduct resulted from Riverhead's policy to use excessive force to prevent the lawful questioning of police conduct, Riverhead's failure to intervene, Riverhead's failure to train and supervise its police officers, and Riverhead's inadequate screening, hiring, and retention.  (*See id.* ¶¶ 36–84.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id*.  While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so,

it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

## DISCUSSION

### I. *Monell* Claim Against Riverhead

Defendants argue that Plaintiff's *Monell* claims against Riverhead must be dismissed because the allegations in support of those claims are conclusory. (Defs.' Mem. at 9–14, ECF No. 27-9.) Indeed, they are. The only factual allegations in the complaint that could support Plaintiff's *Monell* claim describe the isolated events that occurred on June 24, 2019, which are insufficient to withstand a motion to dismiss. *See Aguilar v. County of Nassau*, 425 F. Supp. 2d 320, 324 (E.D.N.Y. 2006) (dismissing *Monell* claim supported only by factual allegations concerning a single incident and unsupported conclusory allegations). In any event, Plaintiff did not oppose Defendants' arguments in support of their motion to dismiss the *Monell* claims in her opposition. "When a party fails adequately to present arguments in a brief, a court may properly consider those arguments abandoned, . . . especially in the case of a counseled party where a court may . . . infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (internal citations and quotation marks omitted); *see also Belfon v. Credit Check Total Consumerinfo.com, Inc.*, 2:18-CV-408, 2018 WL 4778906, at *8 (E.D.N.Y. Oct. 1, 2018) (finding that plaintiff's failure to respond to arguments raised in motion to dismiss constitutes an abandonment of those claims and collecting cases holding the same); *Javed v. Medgar Evers Coll. of the City Univ. of N.Y.*, No. 15-CV-7424, 2017 WL 4357138, at *4–5 (E.D.N.Y. Sept. 29, 2017) (dismissing a series of claims for failure to respond to defendants' arguments), *aff'd sub nom. Javed v. Medgar Evers Coll. of City Univ. of N.Y.*, 724 F. App'x 73 (2d Cir. 2018), *as*

*amended* (June 12, 2018).  The Court, therefore, deems Plaintiff's *Monell* claims against

Riverhead abandoned.  The *Monell* claims are dismissed.

## II.    Excessive Force Claim Against Individual Defendants

At the outset, Plaintiff's excessive force claim against Treadwell must be dismissed.

Defendants argue that Plaintiff conceded that Treadwell was a "bystander" and therefore did not

use excessive force.  (Defs.' Mem. at 15 n.5.)  Plaintiff did not respond to this argument.

Tellingly, the only arguments Plaintiff addressed with respect to the excessive force claim

concern Groneman, and not Treadwell.  (*See, e.g.,* Pl.'s Opp'n at 11 ("After [P]laintiff made the

request more than once, . . . Groneman[] intentionally grabbed [P]laintiff's hand and arm and

twisted them, and pulled her arm . . . ."); *see also, e.g., id.* ("If police officer Groneman felt

threatened by plaintiff or if he felt that she interfered or impeded the arrest she would have been

arrested and charged with a crime.").)  Moreover, while the amended complaint alleges in

paragraph 26 that both Groneman and Treadwell used force on Plaintiff, the very next allegation

states that Treadwell did nothing to intervene in Groneman's use of force.  (*Id.* ¶ 27.)  Therefore,

to the extent an excessive force claim was raised against Treadwell at all, that claim is deemed

abandoned, and accordingly, it is dismissed.

Individual Defendants argue that Plaintiff's excessive force claim should be dismissed

because they are entitled to qualified immunity.  (Defs.' Mem. at 14–18.)  "[A] defendant

presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary

judgment must accept the more stringent standard."  *McKenna v. Wright*, 386 F.3d 432, 436 (2d

Cir. 2004).  That is, "the facts supporting the defense [must] appear on the face of the

complaint," and "the plaintiff is entitled to all reasonable inferences from the facts alleged, not

only those that support his claim, but also those that defeat the immunity defense."  *Id.*  Needless

4

to say then, Defendants "face[] a formidable hurdle." *Chamberlain Estate of Chamberlain v. City of White Plains*, 960 F.3d 100, 111 (2d Cir. 2020) (quoting *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 191–92 (2d Cir. 2006)). Indeed, qualified immunity arguments at this juncture are "usually not successful." *Id.*

Qualified immunity is available to government officials, including police officers, only where their "actions do not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* at 110 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, Individual Defendants maintain that their alleged actions did not violate a clearly established right because the force alleged is not excessive as a matter of law. The Court disagrees.

Excessive force claims are analyzed under the Fourth Amendment's "reasonableness standard." *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *accord Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015).[2] Of course, "[t]he reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Woodhouse v. City of Mount Vernon*, No. 13-CV-189, 2016 WL 354896, at *5 (S.D.N.Y. Jan. 26, 2016) (quotation marks omitted). Still, "[d]etermining excessiveness requires 'a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Brown*, 798 F.3d at 100 (quoting *Graham*, 490 U.S. at 396). The balancing requires

---

[2] Plaintiff argues at length that her excessive force claim should be analyzed under the Fourteenth Amendment's substantive due process standard and argues that she has established a claim under that standard. (Pl.'s Opp'n at 8–15, ECF No. 27-11.) Plaintiff is incorrect. The Supreme Court held more than 30 years ago that "[b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing" excessive force claims. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Therefore, the Court shall apply the Fourth Amendment standard here.

courts to consider (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether she is actively resisting arrest or attempting to evade arrest by flight. *Id.* (citation omitted). Against this backdrop, it is clear that Defendants have failed to establish their entitlement to qualified immunity.

As to the first factor, Plaintiff alleges that she had not committed a crime, nor was she suspected of committing one. Instead, she was a bystander. As to the second factor, Plaintiff alleges that she was not an immediate threat to Individual Defendants' safety because of her size and her nonthreatening behavior. Finally, as to the third factor, Plaintiff alleges that was not resisting or attempting to evade arrest by flight because she was not under arrest. Instead, she alleges that she simply advised Individual Defendants that her son suffered from a mental illness such that the force they used in effectuating his arrest was unnecessary. The Court cannot say based on these allegations that the force used on Plaintiff, which resulted in multiple bone fractures, was reasonable.

Resisting this conclusion, Defendants cite multiple cases that purportedly show their force was reasonable, but each of these cases is distinguishable. *First*, in all but one of Defendants' cases the plaintiff was an arrestee who resisted arrest or posed a danger to the officers, not a bystander. *See Blackwood v. Omorvan*, No. 16-CV-644, 2019 WL 4600662, at *6 (S.D.N.Y. Sept. 23, 2019) (plaintiff "had been disruptive at a hospital . . . would not comply with [officers'] direct orders and behaved in an agitated manner while refusing to remove his hand from his pocket, which did in fact contain a weapon, made a sudden movement, lifting the hand that was in his pocket as someone yelled, 'Knife!'"); *Flanigan v. Town of Colchester*, 171 F. Supp. 2d 361, 365 (D. Vt. 2001) (plaintiff shook his hands free from the officer and was therefore "actively evading the officers' attempts to place him in protective custody"); *Johnson*

*v. Police Officer # 17969,* No. 99-CV-3964, 2000 WL 1877090, at *4 (S.D.N.Y. Dec. 27, 2000) (arrestee resisted officer attempting to apprehend him after officer observed what appeared to be a drug transaction); *Kalfus v. N.Y. & Presbyterian Hosp.*, 476 F. App'x 877, 880–81 (2d Cir. 2012) (arrestee "resisted arrest by refusing to stand up or to permit himself to be handcuffed"); *but see Jennejahn v. Village of Avon*, 575 F. Supp. 2d 473, 476 (W.D.N.Y. 2008) (plaintiff testified he was cooperative). *Second*, all but one of the plaintiffs in Defendants' cases suffered only minor injuries, or none at all, unlike the bone fractures Plaintiff alleges here. *See Blackwood*, 2019 WL 4600662, at *6 (no allegations of fractured bones); *Jennejahn*, 575 F. Supp. 2d at 480–81 (plaintiff "suffered *no* demonstrable physical injury as a result" of defendant's actions (emphasis in original)); *Johnson*, 2000 WL 1877090, at *5 & n.6 (plaintiff was told by doctors after force that there did not appear "to be anything wrong with [him]"); *Kalfus*, 476 F. App'x at 881 (plaintiff alleged a tear to his rotator cuff that "was an extension of a pre-existing tear"); *but see Flanigan*, 171 F. Supp. 2d at 366 ("fractured right orbit bone . . . is not a surprising result of a reasonable police response to" plaintiff's attempt to resist arrest). While Defendants argue that Plaintiff's allegations of injury are unsupported by medical records (Defs.' Mem. at 16–17), those arguments are inappropriate on a motion to dismiss, where the Court must accept the factual allegations of the complaint as true. *See Morris*, 37 F. Supp. 2d at 565.

Individual Defendants have failed to demonstrate that facts supporting their entitlement to qualified immunity appear on the face of Plaintiff's complaint. The motion to dismiss Plaintiff's excessive force claims on this basis is denied.

### III.    Failure to Intervene

Defendants argue that Plaintiff's failure to intervene claim should be dismissed because (1) she has failed to allege a clearly established statutory or constitutional right; and (2) because Treadwell "was no more than a bystander to the injuries plaintiff allegedly sustained and [] he never used force against Plaintiff."  (Defs.' Mem. at 15 n.5.)  *First*, as described above, Defendants have failed to establish that the force alleged in the complaint was not excessive as a matter of law.  *Second*, Defendants' argument that because Treadwell was merely a bystander who did not himself use force (*id.*), falls flat and reveals Defendants' misapprehension of the law.  That is, a failure to intervene claim does not require Plaintiff to allege that Treadwell subjected Plaintiff to excessive force.  Instead, Plaintiff must plead only that Treadwell observed or had reason to know that excessive force was being used.  *See Graham v. City of New York*, 928 F. Supp. 2d 610, 622 (E.D.N.Y. 2013).  Plaintiff has done so.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's *Monell* claims against Riverhead is GRANTED.  Defendants' motion to dismiss Plaintiff's excessive force claim against Treadwell is GRANTED.  Defendants' motion to dismiss Plaintiff's excessive force claim against Groneman is DENIED.  Defendants' motion to dismiss Plaintiff's failure to intervene claim against Treadwell is DENIED.

<div style="margin-left:50%">

SO ORDERED.

</div>

Dated: Brooklyn, New York
     March 14, 2023

<div style="margin-left:50%">

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

</div>